# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JIMMY LEE EVERETT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV411-150 |
| | ) | CR408-063 |
| UNITED STATES OF AMERICA, | ) | CR607-031 |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

This Court sentenced Jimmy Lee Everett to 110 months' imprisonment for (1) trafficking in vehicles with altered identification numbers and (2) bank fraud related to his embezzlement of funds from his employer. *See* CR607-031, doc. 682 (judgment imposing 108 months' imprisonment, to be served concurrently); CR608-063, doc. 33 (judgment imposing 110 months' imprisonment, to be served concurrently). After an unsuccessful appeal of his sentence, *United States v. Everett*, 368 F. App'x 952 (11th Cir. 2010), he again challenged his sentence by filing a 28 U.S.C. § 2255 motion. Doc. 1.[1] He raised

---

[1] Unless otherwise noted, citations are to the docket in Everett's civil case, CV411-150. Additionally, page references are to the CM/ECF screen page, rather than the

four grounds for relief, based on ineffective assistance of counsel and the Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. \_\_, 133 S. Ct. 2151 (2013). [2] *See* doc. 1. Upon initial review, the Court found that all but the fourth ground -- ineffective assistance of counsel at sentencing -- were meritless. Doc. 17. After an evidentiary hearing where he was represented by Court-appointed counsel, doc. 41, the Court denied Everett's § 2255 motion, granted the Government's motion to dismiss, and entered judgment against him. Docs. 47, 50, 51.

Seven months later, the Eleventh Circuit received and denied Everett's emergency application for leave to file a successive § 2255 motion. *See* attached. The panel rejected the application on the merits, noting that relief was unavailable because the Supreme Court has not made the *Alleyne* decision retroactive to cases on collateral review. *Id.*

Despite those rulings, Everett moves to amend his § 2255 motion. Doc. 55. But there is nothing to amend. *See Burns v. United States*, 152 Fed. Appx. 887, 890 (11th Cir. 2005) ("Burns's original motion . . .

---

referenced document's own internal pagination.
[2]   In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that any fact increasing a mandatory minimum sentence for a crime is an "element" of the crime rather than a "sentencing factor," and must be submitted to a jury.

was denied by the district court, and subsequently denied by this Court, rendering his case closed and not properly subject to amendment."). His attempt at amendment to add new claims and reargue old claims on their merits, therefore, must be construed as a second or successive § 2255 motion. And without the Eleventh Circuit's authorization to hear it, this Court lacks jurisdiction to consider *any* subsequent § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Further, even if Everett could proceed, his arguments fail on the merits. *Alleyne* does not apply retroactively on collateral review, *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014), and does not apply to enhancements based on the advisory Sentencing Guidelines, *see Alleyne*, 133 S. Ct. at 2163 ("Our holding today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); *United States v. Rivera*, 558 F. App'x 971, 976 (11th Cir. 2014) ("Because the enhancement applied to Rivera only affected her Sentencing Guidelines range, not her statutory mandatory minimum or maximum, her reliance on *Alleyne* is misplaced.").

3

In sum, Everett's motion for leave to file a 28 U.S.C. § 2255 petition, doc. 52, and motion to amend his § 2255 motion, doc. 55, should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x

4

542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __3rd__ day of November, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA